Richard Rangel SALAZAR, Petitioner–Appellant,

v.

Darrell ADAMS, Warden, Respondent–Appellee.

No. 07–15745.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 2008.\*

Filed Aug. 19, 2008.

---

\*\* Honorable James K. Singleton, Jr., Senior District Judge, District of Alaska, sitting by designation.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Meredith J. Watts, Esq., San Francisco, CA, for Petitioner–Appellant.

Gregory A. Ott, Esq., Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before: SILER,** McKEOWN, and CALLAHAN, Circuit Judges.

MEMORANDUM ***

In 2002, a jury convicted Petitioner Richard Rangel Salazar of aggravated sexual assault on a child under fourteen years of age and more than ten years younger than Salazar, in violation of California Penal Code § 269, and two counts of forcible lewd and lascivious conduct on a child under fourteen years of age, in violation of California Penal Code § 288(b)(1). The trial court sentenced Salazar to sixty years to life imprisonment. In 2005, after the California Court of Appeal upheld his conviction and the Supreme Court of California denied review without comment, Salazar filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See Parle v. Runnels,* 505 F.3d 922, 926 (9th Cir.2007) (finding "[w]here as here, the state supreme court denies review of a

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

prisoner's habeas petition without comment, we 'look to the last reasoned state-court decision'"). The district court denied his petition, and we affirm.

■■■ Salazar first contends that the trial court improperly admitted "fresh complaint testimony" from the children's caregivers, and that their testimony was inadmissible hearsay. The California Court of Appeal held that even if it were error to admit the testimony, it was harmless because there was ample evidence from which the jury could find Salazar guilty. The California Court of Appeal's decision was neither contrary to nor did it involve an unreasonable application of clearly established federal law as determined by the United States Supreme Court. *Alberni v. McDaniel,* 458 F.3d 860, 863 (9th Cir.2006) (citing *Williams v. Taylor,* 529 U.S. 362, 402–04, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Furthermore, after viewing the evidence in the light most favorable to the prosecution, it is clear that any rational trier of fact could have found the essential elements of Salazar's crimes beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

■■■ Salazar also claims that his trial counsel was constitutionally ineffective because counsel did not object to the introduction of Salazar's juvenile adjudication for a prior sexual offense. The California Court of Appeal denied relief, noting that it was "convinced it is not reasonably probable that a different result would have been obtained had the challenged [juvenile adjudication] been excluded." We agree. Salazar neither demonstrated his counsel's efforts fell below an "objective standard of reasonableness," nor that there was a reasonable probability that, but for his counsel's errors, the result of his trial would have been different. *Strickland v. Wash-ington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Finally, although Salazar argues that the cumulative effect of the two aforementioned alleged errors resulted in a trial so fundamentally unfair as to deprive him of his right to due process, we decline to address this claim as it is an uncertified issue with no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c).

The district court properly denied Salazar's petition for a writ of habeas corpus.

AFFIRMED.